%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Karla Jenkins and Eli Metzgar

**(b)** County of Residence of First Listed Plaintiff  Bucks
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Tiffanie C. Benfer
Hardwick Collier, LLC  179 N. Broad St.
Doylestown, Pa. 18901  (215) 230-1913

## DEFENDANTS
Central Bucks Ambulance and Rescue Unit, Inc.

County of Residence of First Listed Defendant  Bucks
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) David Schwdm, Esq.
Thomas, Thomas & Hafner, LLP

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product  Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &  Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'  Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability  Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine  **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle  Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability / ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal  Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment  Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/  **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations / ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - / ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 2000e, et seq.
Brief description of cause:
gender discrimination

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
IN EXCESS OF $150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE
2/22/13

SIGNATURE OF ATTORNEY OF RECORD
Tiffanie C. Benfer

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _206 Seneca Drive, Doylestown Pa. 18901_

Address of Defendant: _455 East St., Doylestown, Pa. 18901_

Place of Accident, Incident or Transaction: _455 East St., Doylestown, Pa. 18901_
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes ☐  No ☑

Does this case involve multidistrict litigation possibilities?  Yes ☐  No ☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐  No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Tiffanie C. Benfer_, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _2/22/13_ _____  _202096_
Attorney-at-Law  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _2/22/13_ _____  _202096_
Attorney-at-Law  Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: *206 Seneca Drive, Doylestown, Pa. 18901*

Address of Defendant: *455 East St., Doylestown, Pa. 18901*

Place of Accident, Incident or Transaction: *455 East St., Doylestown, Pa. 18901*
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☑

Does this case involve multidistrict litigation possibilities?  Yes☐  No☑

RELATED CASE, IF ANY:

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, *Tiffanie C. Benfer*, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: *2/22/13*  _____  *202096*
Attorney-at-Law  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: *2/22/13*  _____  *202096*
Attorney-at-Law  Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Karla Jenkins and Eli Metzgar :

v.

Central Bucks Ambulance and :
Rescue Unit, Inc. :

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✓)

2/22/13          Tiffanie C. Benfer          Plaintiffs
**Date**          **Attorney-at-law**          **Attorney for**

215-230-1912     215-230-1913     tbenfer@hardwickcollier.com
**Telephone**          **FAX Number**          **E-Mail Address**   and
                                                hfrey@hardwickcollier.com

(Civ. 660) 10/02

## United States District Court
Eastern District Of Pennsylvania
United States Courthouse
Independence Mall West
601 Market Street
Philadelphia, PA 19106-1797

*Chambers of*
*James T. Giles*
*Chief Judge*

*Michael E. Kunz*
*Clerk of Court*

*Clerk's Office*
*Room 2609*
*Telephone*
(215)597-7704

## NOTICE OF RIGHT TO CONSENT TO EXERCISE OF JURISDICTION
## BY A UNITED STATES MAGISTRATE JUDGE

The district judges of this Court have found that the United States magistrate judges are experienced judicial officers who have regularly handled the disposition of hundreds of civil cases through motions and trials and are fully qualified to try any civil cases arising before this Court.

In accordance with the provisions of 28 U.S.C. §636(c), you are hereby notified that pursuant to Local Rules 72.1(h), the United States magistrate judges of this district, in addition to their other duties, may, upon the consent of all the parties in a civil case, conduct any or all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgement. Appropriate consent forms for this purpose are available from the clerk of court.

Your decision to consent, or not to consent, to the referral of your case to a United States magistrate judge for disposition is entirely voluntary and should be communicated solely to the clerk of the district court. Only if all the parties in the case consent to the reference to a magistrate judge will either the judge or magistrate judge be informed of your decision. **If you decide to consent, _your case will receive a date certain for trial_.**

No action eligible for arbitration will be referred by consent of the parties until the arbitration has been concluded and trail *de novo* demanded pursuant to Local Rules 53.2 , Paragraph 7. The Court may, for good cause shown, or on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge.

When a case is referred to a magistrate judge for all further proceedings, including the entry of final judgement, the final judgement shall be appealed directly to the Court of Appeals for the Third Circuit in the same manner as an appeal from any other judgement of a district court.

Nothing herein shall be construed to be a limitation of any party's right to seek review by the Supreme Court of the United States.

JAMES T. GILES
CHIEF JUDGE

MICHAEL E. KUNZ
CLERK OF COURT

Civ. 635(2/99)

**HARDWICK COLLIER, LLC**
**BY: TIFFANIE C. BENFER, ESQ. (Attorney I.D. No. 202096)**
    **VIRGINIA HARDWICK, ESQ. (Attorney I.D. No. 202649)**
179 North Broad Street
Doylestown, PA. 18901                             Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KARLA JENKINS** and **ELI METZGAR**<br>206 Seneca Drive,<br>Doylestown, PA 18901 | No. _____ |
|     Plaintiffs, | |
|     v. | |
| **CENTRAL BUCKS AMBULANCE AND**<br>**RESCUE UNIT, INC.**<br>455 East Street<br>Doylestown, PA 18901 | Jury Trial Demanded |
|     Defendant. | |

## COMPLAINT

### I.    INTRODUCTION

1.    This action for equitable, monetary, and other relief is brought by Plaintiffs, Karla Jenkins and Eli Metzgar, to redress intentional violations by Defendant, Central Bucks Ambulance and Rescue Unit, Inc., of rights secured by the laws of the United States and the statutory and common law of the Commonwealth of Pennsylvania.

### II.    JURISDICTION

1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. §2000e, *et seq*. ("Title VII"); and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq., as amended in 1991.

2.      Plaintiff, Karla Jenkins, has exhausted federal and state administrative remedies. Plaintiff filed her charge with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 530-2011-03354, on or around August 19, 2011.  On September 2, 2011, Plaintiff filed a second charge with the EEOC, Charge No. 530-2012-00346, to include a retaliation claim and it was dual filed with the PHRC, Complaint No. 201102981. The EEOC issued Right-to-Sue letters on December 3, 2012. This suit is timely filed.

3.      Plaintiff, Eli Metzgar, has exhausted federal and state administrative remedies. Plaintiff filed his charge with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 530-2012-00359, on or around November 7, 2011, and it was dual filed with the Pennsylvania Human Rights Commission ("PHRC"), Complaint No. 201103262. The EEOC issued a Right-to-Sue letter on December 3, 2012.  This suit is timely filed.

4.      State law claims asserted under the PHRA and Pennsylvania common law are before this Honorable Court pursuant to 28 U.S.C. §1367, supplemental jurisdiction.

**III.    VENUE**

5.      All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania as the place in which the claims arose and the place where Central Bucks Ambulance and Rescue Unit, Inc. conducts business.

6.      Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3).

2

## IV. PARTIES

7. Plaintiff, Karla Jenkins (hereinafter "Plaintiff" or "Ms. Jenkins"), is an adult female who currently resides at 206 Seneca Drive, Doylestown, Pennsylvania 18901.

8. Plaintiff, Eli Metzgar (hereinafter "Plaintiff" or "Mr. Metzgar") is an adult male who currently resides at 206 Seneca Drive, Doylestown, Pennsylvania 18901.

9. Ms. Jenkins and Mr. Metzgar were married in July 2011.

10. Defendant Central Bucks Ambulance and Rescue Unit, Inc. (hereinafter "Central Bucks") is a corporation of the Commonwealth of Pennsylvania with a principal place of business at 455 East Street, Doylestown, Pennsylvania 18901, and is an employer within the meaning of the applicable legislation cited herein.


## FACTUAL BACKGROUND

### Karla Jenkins

11. Ms. Jenkins was hired by Central Bucks as an Emergency Medical Technician (EMT) in 2000.

12. Central Bucks has two stations, Station 125 and 135.

13. In 2002, Charles Pressler ("Pressler"), the Deputy Chief at that time, began to sexually harass Ms. Jenkins.

14. In 2005, Ms. Jenkins resigned because she could no longer tolerate Pressler's sexual harassment.

15. Subsequently, Pressler was promoted to Chief of Central Bucks.

3

16.     In September 2008, Ms. Jenkins returned to Central Bucks as an EMT, because she thought Pressler would be more inclined to conduct himself appropriately given his new position.

17.     In September 2008, Ms. Jenkins was initially rehired by Deputy Chief Scott Henley ("Henley") as a per diem employee.

18.     Approximately one month after Ms. Jenkins was rehired, she was assigned one regular shift a week at Station 125.

19.     Ms. Jenkins was hired at an hourly rate of $18.00.

20.     On March 6, 2009, Ms. Jenkins received a pay raise, which increased her hourly rate to $18.54.

**Eli Metzgar**

21.     Mr. Metzgar was hired by Central Bucks in or around January 2006 as a paramedic.

22.     Mr. Metzgar typically worked thirty-six (36) hours a week and earned $24.50 an hour.

**Sexual Harassment**

23.     In January 2010, Pressler began to sexually harass Ms. Jenkins again.

24.     In January 2010, Ms. Jenkins was in the day room of Station 125, and Pressler grabbed her ponytail to pull her up against him. Then he grabbed Ms. Jenkins' breast and in between her legs. Ms. Jenkins told Pressler to stop and told him he could not do this.

25.     A week after the incident discussed in paragraph 24, the Battalion Chief, Joe Gabriel ("Gabriel"), told Ms. Jenkins that her hourly rate was being reduced from $18.54 to $17.51.

26.     Gabriel claimed that Ms. Jenkins' hourly rate was being reduced because she had been hired at an incorrect rate a year and a half before.

27.     Ms. Jenkins informed Gabriel that Henley had hired her at $18.00/hr.

28.     Gabriel told Ms. Jenkins that her hourly rate was being reduced per Chief Pressler's instructions.

29.     The reduction of Ms. Jenkins' hourly rated was direct adverse action because she rebuffed Pressler's sexual advances and objected to the sexual harassment.

30.     In or around late January to early February 2010, Ms. Jenkins was in Pressler's office gathering recycling cans. Pressler aggressively grabbed and groped her breast and buttocks while he put his knee between her legs and rubbed his thigh between her legs. Again, Ms. Jenkins rebuffed Pressler's actions and told Pressler to stop.

31.     In the spring of 2010, while Ms. Jenkins was standing outside the station, Pressler said to her, "We should try out for a sex scene together for a movie." Ms. Jenkins nervously laughed, shook her head and walked away.

32.     On another occasion in the spring of 2010, Pressler invited Ms. Jenkins to go for a ride with him in his Mustang after hours. Pressler added, "The seats will be wet once I get done with you."

33.     In the summer of 2010, Pressler grabbed Ms. Jenkins from behind while she was in the kitchen. Pressler pulled her into him, then proceeded to grind up against her and grabbed her breast. Ms. Jenkins told Pressler to stop and pushed him away.

34.     On another occasion in the summer of 2010, while walking behind Ms. Jenkins in the day room, Pressler said to her "you have a nice ass" and pulled her hair. Once again she ignored him.

35.     On another occasion that summer in the day room, Pressler grabbed Ms. Jenkins' hand and put it on his crotch. He said, "You know you want some of this." She quickly pulled her hand away, told him to stop, and walked away.

36.     In the summer of 2010, Plaintiff, Eli Metzgar, who was also employed by Central Bucks, was Ms. Jenkins' boyfriend. Pressler said to Ms. Jenkins words to the effect of, "Eli is a good guy, but you will always be my secret girlfriend." Ms. Jenkins shook her head and walked away.

37.     In the fall of 2010, while in the day room, Pressler informed Ms. Jenkins that she was his fantasy girl and there was nothing she could do about it.

38.     On March 9, 2011, Pressler came up from behind Ms. Jenkins in the day room, cornered her against the wall, grabbed her buttocks, and grinded up against her. Then Pressler tried to kiss Ms. Jenkins, and as he did so, he said, "Oh, the things I want to do to you." Ms. Jenkins turned her head away from him and told him "you can't do this." Ms. Jenkins wrestled herself out of Pressler's reach and went into the kitchen.

39.     On March 30, 2011, Ms. Jenkins was sitting in the day room at the computer when Pressler came in and said, "I'm going to grab your ass just to keep you in line." Ms. Jenkins made a disgusted face at him, got up, and walked out of the room.

40.     On numerous occasions, Pressler made unwanted and offensive comments to Ms. Jenkins including but not limited to: "Do you know what I want to do to you?" "You're a hottie," "I would break you in half," and "I want to taste you."

6

41.     Pressler's conduct caused Ms. Jenkins extreme anxiety at work.

42.     When Ms. Jenkins was at work, she was in constant fear of Pressler doing something to her.

43.     Ms. Jenkins was also in constant fear that if she spoke up about Pressler's conduct, she would be fired.

44.     Pressler was the Chief of Central Bucks and there was no one in the chain of command above Pressler to whom Ms. Jenkins could report the sexual harassment.

45.     On April 1, 2011, Ms. Jenkins emailed Henley and informed him that she had endured sexual harassment by Pressler as recently as March 30, 2011. She also informed him that the work environment at Station 125 was hostile, and she was unable to continue to work at that location. Ms. Jenkins requested a transfer to Station 135.

46.     On April 4, 2011, Cathleen Schlager ("Schlager"), Secretary to the Board of Central Bucks Ambulance and Rescue Unit, emailed Ms. Jenkins and wrote, "Though the Board is not required to transfer you to Station 135, we have considered this request. You are a valued member of the squad and we are agreeable to this transfer."

47.     On or about April 5, 2011, Ms. Jenkins provided the Central Bucks Board of Directors with a written statement setting forth additional details concerning Pressler's sexual harassment.

48.     On April 8, 2011, Ms. Jenkins met with members of the Central Bucks Board of Directors and answered their questions.

49.     At the meeting on April 8, James Gemmel ("Gemmel"), the C.E.O. of Central Bucks, told Ms. Jenkins that he did not believe her because she did not provide specific dates for the sexual harassment.

7

50.     Gemmel asked Ms. Jenkins at the meeting on April 8 what proof she had, saying that the lack of witnesses and her inability to provide exact dates when Pressler sexually harassed her was a problem.  Then Gemmel told Ms. Jenkins that this could go to court and get ugly.  He told her that if the issue went to court she would be "chewed up and spit out."

51.     At the meeting on April 8, Schlager asked Ms. Jenkins if she and Pressler were friendly.  She also asked if Ms. Jenkins "cared for" Pressler.

**Retaliation Against Karla Jenkins in August 2011**

52.     On August 19, 2011, Ms. Jenkins filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

53.     A copy of the Charge of Discrimination filed with the EEOC was provided to counsel for Central Bucks on or around August 19, 2011.

54.     On August 30, 2011, Ms. Jenkins received a letter from Central Bucks informing her that her only shift was cancelled as of October 1, 2011, thus effectively terminating Ms. Jenkins' employment.

55.     Although Defendants claim that the decision to terminate Ms. Jenkins' employment was motivated by economic reasons, upon information and belief, Central Bucks did not eliminate the shifts of other part-time employees.

56.     Ms. Jenkins' report of Pressler's sexual harassment to the Board of Central Bucks and her filing of a Charge of Discrimination with the EEOC were protected activities under Title VII and the PHRA.

57.     Defendants retaliated against Ms. Jenkins by terminating her employment because she took protected action under Title VII and the PHRA.

**Retaliation Against Eli Metzgar and Karla Jenkins in September/October 2011**

58.     On September 27, 2011, Henley contacted Plaintiff Eli Metzgar, who was now Ms. Jenkins' husband, and informed him that he was suspended without pay until further notice.

59.     Mr. Metzger was later told that he was suspended because of a complaint from a patient.  Mr. Metzgar was also told that the complaint would be investigated.

60.     Mr. Metgzar was never interviewed by anyone from Central Bucks during its "investigation" into the patient's alleged complaint, and was not given the opportunity to offer his version of events.

61.     Mr. Metzgar's employment was terminated in October 2011.

62.     Mr. Metzgar's termination is an act of retaliation by the Defendant because Mr. Metzgar's wife, Ms. Jenkins, filed a Charge of Discrimination with the EEOC against the Defendant based on sexual harassment.

## COUNT I

### PLAINTIFF'S CLAIM UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED 1991, 42 U.S.C. §2000, et seq.

### Hostile Work Environment-Plaintiff Karla Jenkins

63.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

64.     Title VII of the Civil Rights Act of 1964 makes sexual harassment unlawful.

9

65.  Ms. Jenkins was subjected to sexual harassment, which included, but was not limited to, persistent unwelcome sexual advances, sexual comments, and sexual innuendos by Charles Pressler, the Chief of Central Bucks.

66.  Pressler's conduct was motivated by the fact that Ms. Jenkins is a woman.

67.  Ms. Jenkins rejected Pressler's sexual advances, sexual comments, and sexual innuendos each and every time.

68.  Pressler's actions were so severe and/or pervasive that a reasonable person in Ms. Jenkins' position would find her work environment to be hostile or abusive.

69.  A week after Ms. Jenkins rebuffed Pressler's sexual advances in January 2010, Pressler subjected Ms. Jenkins to adverse action and reduced her hourly rate from $18.54 to $17.51.

70.  The unwelcome sexually harassing behavior toward Ms. Jenkins unreasonably interfered with Ms. Jenkins' work performance and created a hostile and offensive work environment.

71.  The intimidating, hostile, offensive environment was intolerable to Ms. Jenkins and caused her to suffer mental injury, monetary loss, and wage loss.

WHEREFORE, Plaintiff Karla Jenkins respectfully requests judgment in her favor and against Defendant, Central Bucks Ambulance and Rescue Unit, Inc., for compensatory and punitive damages in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys' fees, punitive damages, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

10

## COUNT II

### PLAINTIFF'S CLAIM UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED 1991, 42 U.S.C. §2000, et seq.

#### Retaliation-Plaintiff Karla Jenkins

72.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

73.     Title VII of the Civil Rights Act of 1964 prohibits retaliation against employees for opposing unlawful discrimination or participating in a protected activity.

74.     Defendant subjected Ms. Jenkins to adverse action because she reported and opposed unlawful discrimination and harassment that she was subjected to as a member of a protected class.

75.     Defendant's conduct in unlawfully retaliating against Ms. Jenkins for reporting and opposing unlawful discrimination and a hostile work environment was deliberate and violated Title VII of the Civil Rights Act of 1964, as amended in 1991.

76.     The retaliation caused Ms. Jenkins to suffer mental injury, monetary loss, and wage loss.

WHEREFORE, Plaintiff Karla Jenkins respectfully requests judgment in her favor and against Defendant, Central Bucks Ambulance and Rescue Unit, Inc., for compensatory and punitive damages in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys' fees, punitive damages, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

11

## COUNT III

## PLAINTIFF'S CLAIM UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT 43 P.S. § 951 et seq., AS AMENDED 1991

### Hostile Work Environment-Plaintiff Karla Jenkins

77.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

78.     The PHRA prohibits discrimination based upon sex.

79.     43 P.S. § 955(e) makes it illegal for a person, employer, employment agency, labor organization, or employee to aid, abet, incite, compel, or coerce the doing of any act considered an unlawful discriminatory act by the PHRA.   In this case Defendant, aided, abetted, incited, compelled and/or coerced sex discrimination and sexual harassment toward Ms. Jenkins.

80.     Ms. Jenkins was subjected to sexual harassment, which included but was not limited to, unwelcome sexual advances, sexual comments, and sexual innuendos by Charles Pressler, the Chief of Central Bucks.

81.     Pressler's conduct was motivated by the fact that Ms. Jenkins is a woman.

82.     Ms. Jenkins rejected Pressler's persistent sexual advances, sexual comments, and sexual innuendos each and every time.

83.     A week after Ms. Jenkins rebuffed Pressler's sexual advances in January 2010, Pressler subjected Ms. Jenkins to adverse action by reducing her hourly rate from $18.54 to $17.51.

84.     Defendant's unlawful discrimination and harassment is in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq.  This conduct has caused

12

Plaintiff to suffer emotional distress, mental anguish, monetary loss, wage loss, loss of self-esteem, personal humiliation, and loss of enjoyment of life.

85.    The egregious nature of Defendant's illegal misconduct and the extent of Plaintiff's financial and emotional injuries and monetary damages justify a recovery of monetary damages for the value of Plaintiff's claims, and the facts and circumstances of this case entitle Plaintiff to additional damages under state law.

WHEREFORE, Plaintiff Karla Jenkins respectfully requests judgment in her favor and against Defendant, Central Bucks Ambulance and Rescue Unit, Inc., for compensatory and punitive damages in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys' fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

**COUNT IV**

**PLAINTIFF'S CLAIM UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT 43 P.S. § 951 et seq., AS AMENDED 1991**

**Retaliation-Plaintiff Karla Jenkins**

86.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

87.    43 P.S. § 955(d) prohibits retaliation against employees for opposing unlawful discrimination or participating in a protected activity.

88.    Defendant subjected Ms. Jenkins to adverse action because she reported and opposed unlawful discrimination and harassment that she received as a member of a protected class.

89.     Defendant's conduct in unlawfully retaliating against Ms. Jenkins for reporting and opposing unlawful discrimination and a hostile work environment was deliberate and violated PHRA 43 P.S. § 955(d).

90.     The actions set forth above caused Ms. Jenkins to suffer mental injury, monetary loss, and wage loss.

WHEREFORE, Plaintiff Karla Jenkins respectfully requests judgment in her favor and against Defendant, Central Bucks Ambulance and Rescue Unit, Inc., for compensatory and punitive damages in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys' fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

## COUNT V

### PLAINTIFF'S CLAIM UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED 1991, 42 U.S.C. §2000, et seq.

### Retaliation-Plaintiff Eli Metzgar

91.     Plaintiff Eli Metzgar incorporates by reference the preceding paragraphs of this Complaint.

92.     Title VII of the Civil Rights Act of 1964 prohibits retaliation against employees for opposing unlawful discrimination or participating in a protected activity.

93.     Defendant intentionally retaliated against Mr. Metzgar because his wife, Ms. Jenkins, filed a charge with the EEOC based on sex discrimination prohibited by 43 U.S.C. §2000e-2(a).

14

94. Mr. Metzgar's termination constitutes adverse action intended to retaliate against Mr. Metzgar and Ms. Jenkins for Ms. Jenkins' action in filing a charge with the EEOC.

95. Mr. Metzgar's relationship to Ms. Jenkins was the motivating factor in his termination.

96. Defendant's conduct in unlawfully retaliating against Mr. Metzgar because his wife, Ms. Jenkins, reported unlawful discrimination and a hostile work environment was deliberate and violated Title VII of the Civil Rights Act of 1964, as amended in 1991.

97. The actions set forth above caused Mr. Metzgar to suffer mental injury, monetary loss, and wage loss.

WHEREFORE, Plaintiff Eli Metzgar respectfully requests judgment in his favor and against Defendant, Central Bucks Ambulance and Rescue Unit, Inc., for compensatory and punitive damages in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys fees, punitive damages, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

## COUNT VI

### PLAINTIFF'S CLAIM UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT 43 P.S. § 951 et seq., AS AMENDED 1991

### Retaliation-Plaintiff Eli Metzgar

98. Plaintiff Eli Metzgar incorporates by reference the preceding paragraphs of this Complaint.

99. 43 P.S. § 955(d) prohibits retaliation against employees for opposing unlawful discrimination or participating in a protected activity.

100.    Defendant subjected Mr. Metzgar to adverse action because his wife, Ms. Jenkins, reported unlawful discrimination and harassment that she was subjected to as a member of a protected class.

101.    Defendant's conduct in unlawfully retaliating against Mr. Metzgar because Ms. Jenkins reported unlawful discrimination and a hostile work environment was deliberate and violated PHRA 43 P.S. § 955(d).

102.    The actions set forth above caused Mr. Metzgar to suffer mental injury, monetary loss, and wage loss.

WHEREFORE, Plaintiff Eli Metzgar respectfully requests judgment in his favor and against Defendant, Central Bucks Ambulance and Rescue Unit, Inc., for compensatory and punitive damages in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys' fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.


                            **HARDWICK COLLIER, LLC**


                            BY: _____
                                 Tiffanie C. Benfer, Esquire
                                 Attorney for Plaintiff

Dated:  February 22, 2013


16